In Re: Nomination Petition of Charles P. McLaughlin as Democratic Candidate for the Office of Representative in the General Assembly, 159th Legislative District.

Heard February 26, 1976, by President Judge Bow-
MAN.

*Joseph K. Pierce,* for petitioner.

*R. Stuart Jenkins,* for respondent.

MEMORANDUM OPINION BY PRESIDENT JUDGE BOW-
MAN, March 9, 1976:

In this proceedings under Section 977 of the Penn-
sylvania Election Code, Act of June 3, 1937, P.L. 1333,
*as amended,* 25 P.S. §2937, Francis Z. Tenanglio, an
individual qualified to do so, has filed objections to
the nomination petition of Charles P. McLaughlin as
a candidate for Representative, 159th Legislative Dis-
trict, General Assembly, in the forthcoming Demo-
cratic Party primary.

McLaughlin's nomination petition consisting of two
sheets, contains 178 signatures of persons purportedly
qualified to sign the petition. The objecting petition

puts in issue 91 of these signatures as (a) not registered voters, (b) being signatures not comporting exactly with the names of registered voters and being dissimilar in script, (c) being signatures dissimilar in script to the signature of registered voters as appearing on the registration card, and (d) one duplicate signature on the nomination petition.

At hearing, the Chief Clerk of the Delaware County Registration Commission, enjoying that position for eleven years, testified that 19 signatories to the nomination petition were not registered voters from an examination of the registration records.[1] These names, of course, must be stricken. Also, the duplicate name must be stricken.

From this same witness, extensive testimony was received as to categories (b) and (c) and from the respondent-candidate himself who testified as to some of the disputed signatures that he personally knew the signatories to be one and the same person as the person's name is disclosed on the registry card and residing at the same address. His testimony as to some of these disputed signatures also countered petitioner's witness as to the dissimilarity of signatures in these categories.

While we have sanctioned and given weight to the testimony of experienced registration commission employees as to the similarity or want thereof between signatures on nomination petitions and those appearing in voter registration records, such evidence alone should be cautiously applied to determine the sufficiency of number of signatures on nomination petitions, particularly, as is shown by the evidence in this case, where there is a substantial time differential in the execution of the disputed signatures.

[1] Sheet No. 1, Lines 49, 50, 73, 75, 76.

Sheet No. 2, Lines 5, 11, 13, 15, 19, 26, 32, 41, 59, 60, 61, 68, 69, 70.

Considering all of the testimony as to categories (b) and (c), we could declare, at most, 46 signatures invalid. When added to the number of signatures already stricken, they are far fewer than necessary to disqualify the nomination petition in question.

After the objecting petitioner had rested his case in chief, respondent had a Lewis Campbell, the purported circulator of sheet no. 2 of the nomination petition, testify as to his personal knowledge of the signatories of this second sheet containing 70 signatures. On cross-examination it developed that this witness, because of his extremely poor eyesight, candidly admitted that he was, with few exceptions, unable to meet the requirements of a circulator (Section 909 of the Code, 25 P.S. §2869). To rehabilitate this sheet and the circulator's affidavit, the respondent-candidate testified that he was present during sundry periods when many of the signatures were obtained on sheet no. 2.

This testimony coupled with the obvious fact that as to sheet no. 2 a person or persons other than the signatories inscribed the resident's address, occupation and date of signing on the petition has given us some concern.

Petitioner would now have us disqualify many signatures on sheet no. 2 for this particular reason, although such an objection was not advanced on the objecting petition. As the candidate-respondent was not put on notice that such an objection would be advanced and thus afforded an opportunity to prepare defense thereto, we will not permit such a belated attack upon the petition. We would add that the candidate-respondent in his testimony rehabilitated these defects as to at least some of the signatures by stating that as to those obtained in his presence the signatories authorized another person to complete the petition. The general policy of encouraging persons to

exercise their right to run for public office and of the voters to select a candidate of their choice under the circumstances of this case dictate that we do not disqualify for this reason many of the signatures on sheet no. 2. *Ross Nomination Petition,* 411 Pa. 45, 190 A.2d 719 (1963).

Accordingly, we enter the following

### ORDER

Now, March 9, 1976, the objecting petition of Francis Z. Tenanglio to the nomination petition of Charles P. McLaughlin for Representative, 159th Legislative District in the forthcoming Democratic Party primary is hereby dismissed.

Each party to bear his own costs.