944 A.2d 69

**In re The Nomination Papers of Harold JAMES as Candidate for Representative in the General Assembly in the 186th Legislative District.**

**Appeal of Mark L. Jones and Ronald R.H. Felder.**

Supreme Court of Pennsylvania.

Submitted on Briefs March 14, 2008.

Decided April 3, 2008.

Lawrence M. Otter, Harrisburg, for Ronald R.H. Felder and Mark L. Jones, appellants.

John P. Sabatina, Sabatina & Associates, Philadelphia, for Harold James, appellee.

Louis Lawrence Boyle, Pedro A. Cortes, PA Dept. of State – Office of Gen. Counsel, for Pennsylvania Dept. of State, participants.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD and McCAFFERY, JJ.

## OPINION

Justice TODD.

In this election matter, on March 20, 2008, this Court reversed the single-judge order of the Commonwealth Court finding the Petition to Set Aside Nominating Papers of Harold James filed by Appellants Mark L. Jones and Ronald R.H. Felder to be untimely filed, and we remanded the matter to that court for consideration of Appellants' Petition on the merits. The *per curiam* order was expedited to resolve whether James' name would appear on the ballot in time for the April Democratic primary. This opinion now follows, wherein we consider the proper deadline for filing objections to nominating papers after a gubernatorial order extended the deadline for filing such nominating papers due to inclement weather.

James, currently the incumbent Representative in the General Assembly in the 186th Legislative District, is a Democratic candidate for Representative from that district. Appellants are registered and enrolled Democratic electors in the Commonwealth who vote and reside in that district. James filed timely nomination papers to appear on the April 2008 Democratic primary ballot, and Appellants filed in the Commonwealth Court a Petition to Set Aside Nominating Papers, challenging the validity of signatures in James' nomination papers.

The statutory deadline for filing nomination papers was February 12, 2008. *See* 25 P.S. § 2873(d) ("All nomination petitions shall be filed on or before the tenth Tuesday prior to the primary."). Due to a sudden and severe winter storm, however, Governor Edward Rendell issued an executive order on February 12, 2008, extending the time for filing nomination papers to February 14, 2008 at noon.[1] Noting that "the conditions caused by the storm make it necessary to extend the filing deadline for all nomination petitions by 43 hours in

1. *See In re Farrow*, 754 A.2d 33, 35 (Pa.Cmwlth.2000) (upholding authority of Governor to extend filing deadline for nomination petitions by declaring state of emergency).

order to give all candidates a fair and reasonable opportunity to file their petitions with the Secretary of the Commonwealth," the Governor ordered as follows:

1.  The deadline for filing all nomination petitions for candidates for election to public and party offices with the Office of the Secretary of the Commonwealth is extended until 12:00 p.m. on February 14, 2008. However, the time for circulating nomination petitions shall not be extended beyond 5:00 p.m. on February 12, 2008.

2.  The Office of the Secretary of the Commonwealth shall post this Executive Order in the Department of State's Bureau of Commissions, Elections and Legislation and in all other appropriate places and shall take all necessary action to provide notice of this Executive Order to the general public.

3.  This Executive Order shall go into effect immediately and shall remain in effect until 12:00 p.m. on February 14, 2008.

Executive Order (R.R. at 9), 2/12/08.

There is no dispute that, but for the executive order, the filing deadline for objections under Section 2937 of the Election Code[2] would have been seven days from February 12, 2008—namely, February 19, 2008, at 5 p.m. Section 2937 provides:

All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, *unless, within seven days after the last day for filing said nomination petition or paper,* a petition is presented to the court specifically setting forth the objections thereto, and praying that the said petition or paper be set aside.... *The office of the Prothonotary of the Commonwealth Court and the office of the Secretary of the Commonwealth* and the various offices of prothonotary of the court of common pleas *shall be open between the hours of eight-thirty o'clock A.M. and five o'clock P.M.* on the last day to withdraw after

2.  Section 997 of the Act of June 3, 1937, P.L. 1333, art. I, §§ 101 *et seq.,* as amended, 25 P.S. §§ 2601 *et seq.*

filing nomination petitions and *on the last day to file
objections to nomination petitions.*

25 P.S. § 2937 (emphasis added).

The executive order having extended the deadline for nomi-
nation petitions 43 hours to February 14, at noon, at issue is
the resulting Section 2937 deadline for challenging nomination
petitions and papers:  February 21 at noon, or February 21 at
5 p.m.  It is undisputed that Appellants' Petition challenging
James' nomination papers was filed on February 21, 2008 at
1:17 p.m., and served on the Secretary of State that same day,
at 2:20 p.m. James filed in the Commonwealth Court a motion
to dismiss Appellants' Petition, arguing that it was untimely.

Following a hearing on March 5, 2008 before the Honorable
Doris A. Smith–Ribner, the Commonwealth Court found it
lacked the authority to address Appellants' Petition because it
was untimely, granted James' motion to dismiss, and ordered
that James be placed on the primary ballot.  Given that the
executive order extended the deadline for filing nomination
papers to February 14, 2008, at noon, by operation of Section
2937, the court concluded that the deadline for filing objec-
tions was February 21, 2008, at noon.  As Appellants' Petition
was filed and served approximately two hours later that
afternoon, the court concluded it was untimely.  In rejecting
Appellants' arguments to the contrary, the Commonwealth
Court reasoned:

> This Court has no authority to extend any deadline set by
> the Election Code or by the Governor's Executive Order,
> which in essence is the relief requested by [Appellants].  In
> *Petition of Torres,* 99 Pa.Cmwlth. 173, 512 A.2d 732 (1986),
> the Court reiterated that courts had no power to waive a
> statutorily prescribed time limit and that objections to
> nomination petitions must be filed within the required time
> period.  The question is whether the Court can permit the
> filing of nomination petitions after 12 p.m. on February 14,
> 2008, or in effect extend the deadline for filing objections by
> five hours, simply because [Section 2937] provides that
> various offices are to remain open from 8:30 a.m. to 5 p.m.
> on the last day to withdraw after filing nomination petitions

or on the last day to file objections. The Governor's Executive Order could have extended the deadline for filing objections to 5 p.m., but it did not.

Commonwealth Court Opinion, 3/5/08, at 4.

Appellants appealed to this Court, asserting that the Commonwealth Court erred in finding that their objections were untimely.[3] By our order dated March 20, 2008, we agreed that the Commonwealth Court did so err, and our explanation follows.

Preliminary, this matter involves the interpretation of the Election Code, specifically Section 2937, in combination with the Governor's executive order. As such it is a question of law; thus, our scope of review is plenary, and our standard of review is *de novo*. *Commonwealth v. King*, 939 A.2d 877, 880 (Pa.2007).

Our inquiry, in general part, is guided by the Statutory Construction Act which instructs us that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly" and "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921. A court should resort to other considerations, such as the General Assembly's purpose in enacting a statute, only when the words of a statute are not explicit. *Id.* § 1921(c).

Furthermore, in reviewing election issues, "we must consider the longstanding and overriding policy in our Commonwealth to protect the elective franchise," and that the Election Code must "be liberally construed to protect a candidate's right to run for office and the voters' right to elect the candidate of their choice." *In re Nomination Petition of Driscoll*, 577 Pa. 501, 508, 847 A.2d 44, 49 (2004) (internal quotation marks omitted). However, the ability of parties to

3. Our jurisdiction over this appeal is established by 42 Pa.C.S.A. § 723, which provides that this Court "shall have exclusive jurisdiction of appeals from final orders of the Commonwealth Court entered in any matter which was originally commenced in the Commonwealth Court."

object to nomination papers provides an important check on the nomination process. *See Petition of Cianfrani*, 467 Pa. 491, 494, 359 A.2d 383, 384 (Pa.1976) ("[T]he provisions of the election laws relating to the form of nominating petitions and the accompanying affidavits are not mere technicalities but are necessary measures to prevent fraud and to preserve the integrity of the election process."). Accordingly, while "our overriding concern at all times must be to be flexible in order to favor the right to vote," we must also "strictly enforce all provisions to prevent fraud." *In re Luzerne County Return Bd.*, 447 Pa. 418, 420, 290 A.2d 108, 109 (Pa.1972); *see also Petition of Cianfrani*, 467 Pa. at 494, 359 A.2d at 384 ("[T]he policy of the liberal reading of the Election Code cannot be distorted to emasculate those requirements necessary to assure the probity of the process.").

■ As we have stated, there is no dispute that, but for the executive order, the filing deadline for objections under Section 2937 would have been close of business on February 19, 2008. The parties, pointing to the executive order extending the deadline for nomination petitions, disagree about the resulting Section 2937 deadline, and they each assert the plain language of the statute supports their position.

Appellants assert that the Commonwealth Court erred in concluding that their objections were untimely. They stress that the statute prescribes a period "within seven days after the last *day* for filing," asserting that this emphasis on days indicates the period should be measured by the close of business—i.e., 5 p.m. Also, Appellants stress that the statute requires the prothonotary and related offices to remain open until 5 p.m. on "the last day" to file objections, supporting the notion that Section 2937 contemplates deadlines at the close of business. Thus, Appellants contend that the filing and service of their objections on the afternoon of February 21, 2008 was timely.[4]

---

4. Counsel for Appellants stated at the hearing below that he was told by the prothonotary of the Commonwealth Court and the Chief Counsel of the Department of State that the deadline for filing objections was the

By contrast, James contends that the reference to "seven days" in Section 2937 means seven 24–hour periods. Thus, adding 168 hours to the deadline imposed by the Governor of February 14 at noon yields a deadline for objections of February 21 at noon, making Appellants' filing and service untimely. James adds that the executive order specifically indicated an extension of 43 hours, and that his interpretation of Section 2937 achieves the symmetry of adding 43 hours to what otherwise would have been the (unextended) Section 2937 deadline.

■■ The deadlines set by Section 2937 are mandatory, and a court has no authority to waive them. *In re Nomination Papers of American Labor Party,* 352 Pa. 576, 581, 44 A.2d 48, 50 (1945) (rejecting contention that objections, timely filed on the last day for such filings with the prothonotary, whose office had been kept open at petitioner's request, but not served on the board of elections until the next day, substantially complied with timeliness requirements of Section 2937).

In support of its conclusion that Appellants' objections were untimely, the Commonwealth Court cited three cases: *Petition of Acosta,* 525 Pa. 135, 578 A.2d 407 (1990); *In re Emenheiser,* 896 A.2d 1288 (Pa.Cmwlth.2006); and *In re Lee,* 525 Pa. 155, 578 A.2d 1277 (1990). In *Petition of Acosta,* we held that objections were not timely where they were filed in the Commonwealth Court and *mailed* to the Secretary of the Commonwealth on the seventh day for the filing and service of such objections, but were not *received* by the secretary until some six days later. Emphasizing the mandatory nature of the filing and service requirements of Section 2937, and rejecting the Commonwealth Court's determination that service on the secretary was complete upon mailing, we concluded:

> The requirement that the official with whom the nomination petition was filed receive timely notice that a petition to set aside has been filed is not just excess statutory verbiage. Service of a petition to set aside a nomination petition upon

end of the day on February 21. N.T. Hearing, 3/5/08, at 9–10. Appellants do not raise these assertions as a basis for relief on appeal.

the officer or board with whom a nomination petition has been filed within the time limit prescribed by section 977 of the Election Code is *mandatory.*

*Id.* at 139, 578 A.2d at 409 (emphasis original). Upon substantially similar facts, in *In re Emenheiser,* the Commonwealth Court, relying on *Petition of Acosta,* determined that timely-mailed but late-received objections sent to the secretary were untimely. *In re Emenheiser,* 896 A.2d at 1289.

In *In re Lee,* we likewise concluded that objections which were timely filed in the Commonwealth Court, but untimely served on the Secretary, could not be considered. Therein, the Commonwealth Court took under advisement the motion to dismiss the objections as untimely, and went on to review the merits of the objections. Finding merit to the objections, the court determined it thus could not dismiss them as untimely. On appeal, we criticized the Commonwealth Court's "faulty syllogism," *id.* at 157, 578 A.2d at 1278, categorically rejected its approach, and reversed. In so doing, we reasoned:

"The overriding consideration embodied in section 977 of the Election Code [25 P.S. § 2937] is the expeditious resolution of objections to a prospective candidate's filings." *In re Johnson,* 509 Pa. 347, 351, 502 A.2d 142, 145 (1985). The Legislature has determined what time limit best provides for the "expeditious resolution" of such disputes, and it is not for the courts to undermine that determination by making a case by case assessment of "a reasonable time, under the circumstances, within which the required service must be made." *American Labor Party Case, supra,* 352 Pa. at 580, 44 A.2d at 50.

In 1974, the Legislature amended section 977 of the Election Code to include the final sentence prescribing the office hours for the Secretary of the Commonwealth and of various prothonotaries "on the last day to withdraw after filing nomination petitions *and on the last day to file objections to nomination petitions."* 25 P.S. § 2937 (emphasis added). It is clear that the Legislature did so to ensure that service could be effected within the time limits

set forth in that section. Had the Legislature disagreed with our interpretation of section 977 in the *American Labor Party Case*, it would have amended the section to overrule that interpretation.

*Id.* at 159, 578 A.2d at 1279 (emphasis original).

Other cases cited by the parties similarly skirt, but do not address, the present issue. *See, e.g., Matter of Cooper,* 102 Pa.Cmwlth. 133, 516 A.2d 1285, 1288 (1984) (holding that where deadline for filing nomination papers is extended, time for filing objections is likewise extended to seventh day following last day for filing; time of day was not at issue). Thus, none of the cases cited by the Commonwealth Court or the parties directly controls this case, nor has our research disclosed any other dispositive cases.

■ Under the unique circumstances of this case, and after review of Section 2937 and the limited caselaw, we are persuaded that Appellants' objections were timely filed. Section 2937 indicates by its unambiguous language that objections may be filed (and served) until the seventh *day* following the date for filing nomination papers. It does not specify hours. Further, the section requires the prothonotary's office be open until 5 p.m. on the last *day* for filing objections. Combining these two features, we conclude that, regardless of the *time* of the day on which nomination papers are due, the statute by its terms contemplates objections may be filed until the *end* of the seventh day.

This determination is supported by the constructive provision of the Election Code which provides that "[i]n determining or reckoning any period of time mentioned in this act, *the day upon which the act is done,* paper filed, or notice given, *shall be excluded from,* and the date of the primary, election, hearing or other subsequent event, as the case may be, shall be included in *the calculation or reckoning.*" 25 P.S. § 2603(e) (emphasis added). To yield a deadline at February 21 at noon, as James proposes, would require the seven-day "clock" start at February 14 at noon, a premise which Section 2603 forbids. Under Section 2603, "the day upon with the act

is done"—the filing of the nomination papers—must be excluded from the seven-day period dictated by Section 2937. The resulting calculation yields a deadline of February 21 at 5 p.m. Accordingly, having filed and served their objections before February 21 at 5 p.m., we conclude that Appellants' objections were timely.[5]

Accordingly, we conclude that the Commonwealth Court erred in finding Appellants' objections to be untimely, an action we reversed by our *per curiam* order dated March 20, 2008, which order further remanded the matter to that court for consideration of Appellants' objections on the merits.

Chief Justice CASTILLE, Justices SAYLOR, EAKIN, BAER and McCAFFERY join the opinion.

---

5. We recognize James' argument that, given the specificity of the executive order, this interpretation gives petitioners filing objections a 48–hour extension for such filings, when the Governor gave only a 43–hour extension to parties filing nomination papers. Nevertheless, the executive order was silent as to its effect on the operation of Section 2937, and we interpret that section as contemplating a deadline at the end of the day.