## In re Objection to Nomination Paper of Marie Schumacher

C.P. of Lackawanna County, No. 13 CV 1294.

NEALON, *J.*, March 22, 2013—An elector has filed petitions seeking to set aside the nomination papers

that have been filed by thirty-eight of the thirty-nine candidates who are seeking election to the government study commission at the primary election to be held on May 21, 2013. Two of the three objections raised by the elector are without merit since the challenged portions of the nomination papers are valid under the applicable state law. Although the elector's third challenge based upon the absence of an "acceptance by candidate" oath under 53 Pa.C.S. § 2913(c) is well-founded, that deficiency in the candidates' nomination papers is attributable to their reasonable reliance upon the deficient forms and erroneous instructions that were provided to the candidates by the Lackawanna County Department of Elections. Therefore, the government study commission candidates will be granted leave of court to amend their nomination papers *nunc pro tunc* to include the "acceptance by candidate" oath required by 53 Pa.C.S. § 2913(c). Their failure to do so by April 11, 2013, will warrant their removal from the primary election ballot.

## I. FACTUAL BACKGROUND

Proponents of a government study commission referendum question filed a petition containing 6,101 signatures in support of a referendum question appearing on the upcoming municipal primary ballot for the-election of a government study commission to investigate and recommend the possible adoption of an optional form of government to replace Lackawanna County's existing home rule charter form of government. Timely objections were filed to that ballot referendum question petition, but those objections were overruled. *See In re Referendum Petition for Government Study Commission,* 2013 WL 1103067, at * 30 (Lacka. Co. Mar. 15, 2013); *In re Objection to*

*Ballot Referendum Petition Pursuant to 53 Pa.C.S.A. §§ 2901 et seq.,* 2013 WL 861610, at * 4 (Lacka. Co. Mar. 8, 2013). Additionally, the government study commission supporters' petition seeking to confirm and validate their referendum question request pursuant to section 977 of the Election Code, 25 P.S. § 2937, was granted, and the Lackawanna County Bureau of Elections was directed to submit the following question to the electors at the next municipal primary election on May 21, 2013:

Shall a government study commission of seven members be elected to study the existing form of government of Lackawanna County, to consider the advisability of the adoption of an optional form of government, and to recommend whether or not an optional plan of government should be adopted?

*In re Referendum Petition for Government Study Commission,* at * 30.

If a timely and valid petition is filed for the submission of a question for the election of a government study commission, section 2912(a) of the Pennsylvania Home Rule Charter and Optional Plans Law ("HRC & OPL") provides that "[a] governmental study commission of seven, nine or eleven members, as designated in the question, shall be elected by the qualified voters at the same election the question is submitted to the electors." 53 Pa.C.S. § 2912(a). To that end, the Lackawanna County Department of Elections and its solicitor devised a nomination paper form to be used by candidates seeking election to the government study commission, which nomination paper was patterned after the form that had been utilized by Luzerne County for the election of its

government study commission in 2009. (Transcript of proceedings ("T.P.") on 3/21/13 at pp. 16-17). On or before the candidate filing deadline of March 12, 2013, forty candidates filed nomination papers for election to the government study commission.

On March 18, 2013, Joseph Pilchesky ("Pilchesky") filed timely objections seeking to strike the nomination papers submitted by thirty-nine candidates.[1] In No. 13 CV 1280, No. 13 CV 1282, No. 13 CV 1284, No. 13 CV 1290, No. 13 CV 1293 and No. 13 CV 1294, Pilchesky has challenged the joint nomination papers filed by Sarah F. Walsh, Jason M. Miller, Mary L. Oleski, Dorothy Macciocco, Joseph M. Walsh, Catherine C. Hosie, Diane Walsh, Mirhia Noldy, Harry Kelly, Gerrie Carey, Charles Spano, Mary Rose McAndrew Spano, Charles J. Volpe, Marilyn C. Ruane, Michael J. Gianetta, Mary Jo Sheridan, Frank A. Farina, Robert R. Weber, Paul J. Catalano, J. Gaynor Cawley, David Wenzel, Robert Calpin, Maximilian Peters, Alexander J. Chelik, Lorraine Stevens, William Shanley and Dominick Perini, and argues that those candidates' nomination papers violate section 2913 of the HRC & OPL.[2] Pilchesky also contests those nomination papers, as well as the single candidate nomination petitions filed by Marie Schumacher (No. 13 CV 1277), Michael A. Dempsey (No. 13 CV 1278), Laureen A. Cummings

---

1. Although Joseph Albert, 1131 Rundle Street, Scranton, also filed nomination papers as a candidate for election to the government study commission, Pilchesky inadvertently neglected to challenge Mr. Albert's nomination papers. (T.P. 3/21/13 at pp. 6-7).

2. On March 12, 2013, counsel for Frank A. Farina filed correspondence with the Lackawanna County Bureau of Elections confirming that Mr. Farina had withdrawn his nomination papers and "that Frank A. Farina shall not be a candidate of the Lackawanna County Government Study Commission." (T.P. 3/21/13 at p. 6).

(No. 13 CV 1279), Marnie O'Dea Palmer (No. 13 CV 1281), Frank J. Bolock, Jr. (No. 13 CV 1283), Michael Stuchlak, Jr. (No. 13 CV 1285), Joseph J. Brazil (No. 13 CV 1286), Gary Duncan (No. 13 CV 1287), Michael A. Catanzaro (No. 13 CV 1288), Jerry Notarianni (No. 13 CV 1289), Reginald H. Mariani (No. 13 CV 1291), and Sharon L. Gebert (No. 13 CV 1292), on the grounds that they designate a "Committee to Fill Vacancies" in Section C which is not comprised of the elected officers of the Lackawanna County Democratic or Republican political party. Last, Pilchesky seeks to set aside the nomination papers of each candidate since they do not contain the candidate's acceptance oath required by section 2913(c) of the HRC & OPL, 53 Pa.C.S. § 2913(c). (T.P. 3/21/13 at pp. 19-42).

Once objections are filed to nomination papers, section 977 of the Election Code directs the court to "make an order fixing a time for hearing which shall not be later than ten days after the last day for filing said nomination, petition or paper...." 25 P.S. § 2937. Consequently, a hearing on Pilchesky's objections was scheduled for and conducted on March 21, 2013, within ten days of the filing deadline of March 12, 2013. At that time, Pilchesky presented legal argument in support of his objections, and counsel representing nineteen (19) of the challenged candidates offered rebuttal arguments. In accordance with 25 P.S. § 2937, Pilchesky's objections must be "finally determine[d]... not later than fifteen (15) days after the last day for filing said nomination petitions or papers" on March 12, 2013. *See In re Nomination Petition of Rosenski*, 2007 WL 2160454, at * 6 (Lacka. Co. 2007).

## II. DISCUSSION

### (A) STANDARD OF REVIEW

"[I]n reviewing election issues, 'we must consider the longstanding and overriding policy in our Commonwealth to protect the elective franchise.'" *In re Nomination Papers of James*, 596 Pa. 442, 447, 944 A.2d 69, 72 (2008) (quoting *In re Nomination Petition of Driscoll*, 577 Pa. 501, 508, 847 A.2d 44, 49 (2004)). Election laws must "be liberally construed to protect a candidate's right to run for office and the voters' rights to elect the candidate of their choice." *In re Nomination Petition of Gales,* 54 A.3d 855, 857 (Pa. 2012). "[W]hile 'our overriding concern at all times must be to be flexible in order to favor the right to vote,' we must also 'strictly enforce all provisions to prevent fraud.'" *In re Nomination Papers of James*, 596 Pa. at 448, 944 A.2d at 72 (quoting *In re Luzerne County Return Bd.*, 447 Pa. 418, 420, 290 A.2d 108, 109 (1974)). Therefore, we must strike a balance between the liberal purposes of the election laws, and the enforcement of statutory provisions "relating to nominating petitions that are necessary to prevent fraud and to preserve the integrity of the election process." *In re Nomination Petition of Ford,* 994 A.2d 9, 15 (Pa. Cmwlth. 2010).

Nomination papers are presumed to be valid, *In re Nomination Petition of Driscoll*, 577 Pa. at 508, 847 A.2d at 49, and an objector alleging defects in a nominating paper has the burden of proving such defects. *In re Nomination Petition of Gales, supra; In re Nomination Petition of Flaherty*, 564 Pa. 671, 679, 770 A.2d 327, 331 (2001). If the court is not convinced that the alleged defect exists, "the challenge is to be resolved in favor of the

candidate." *In re Nomination Petition of Gales, supra; In re Nomination Petition of Ford, supra.* Moreover, where "objections relate to...defects apparent on the face of the nomination petition or paper, the court, after hearing, may, in its discretion, permit amendments within such time and upon such terms...as the court may specify." *In re Nomination Petition of Driscoll*, 577 Pa. at 509, 847 A.2d at 49 (quoting 25 P.S. § 2937).

## (B) MULTIPLE CANDIDATES NOMINATED BY SAME NOMINATION PAPERS

Pilchesky objects to the nomination papers that were filed by the twenty-six (26) candidates identified in No. 13 CV 1280, No. 13 CV 1282, No. 13 CV 1284, No. 13 CV 1290, No. 13 CV 1293 and No. 13 CV 1294, and contends that those nomination papers have impermissibly listed multiple candidates on the same nomination papers. Pilchesky predicates his argument upon section 2913(a) of the HRC & OPL, which governs the nomination of candidates for the government study commission, and provides that "[e]ach candidate shall be nominated by nomination papers signed by a number of electors equal to at least 2% of the number of electors voting for the office of Governor in the last gubernatorial general election or 200 electors, whichever is less, and filed with the county board of elections not later than the tenth Tuesday prior to the date of the election." 53 Pa.C.S. § 2913(a). Pilchesky submits that the use of the word "each" when referencing candidates in section 2913(a) denotes an individual candidate and reflects a legislative intent that nomination papers may only identify a single candidate for election to the government study commission.

Section 2912(b) of the HRC & OPL addresses the nomination and election of members of the government study commission, and states that "[e]ach candidate for the office of member of the commission shall be nominated and placed upon the ballot containing the question in the manner provided by and subject to the provisions of the Act of June 3, 1937 (P.L. 1333, No. 320), known as the Pennsylvania Election Code, which relate to the nomination of a candidate nominated by nomination papers filed for other offices elective by the voters." 53 Pa.C.S. § 2912(b). Sections 951 to 954 of the Election Code, 25 P.S. §§ 2911-2914, govern the nomination of candidates by "nomination papers." Section 951(c) of the Code regulates the signing and submission of nomination papers and distinctly states that "[m]ore than one candidate may be nominated by one nomination paper... [p]rovided, that each... does not nominate more candidates than there are offices to be voted for at the ensuing election." 25 P.S. § 2911(c). *See also, Swartz v. Helm*, 41 Pa. D & C. 2d 322, 328-329 (Dauph. Co. 1966) (interpreting 25 P.S. § 2911(c) as permitting multiple candidates "to join their candidacies in one nomination paper.").

Thus, so long as none of the nomination papers at issue nominates more than seven candidates for election to the Lackawanna County Government Study Commission, the listing of multiple candidates on one nomination paper is proper under Section 951(c) of the Election Code. *See also*, 53 Pa.C.S. § 2913(b) ("An elector may not sign nomination papers for more candidates for the commission than he could vote for at the election."). The challenged nomination papers in No. 13 CV 1280, No. 13 CV 1282, No. 13 CV 1284, No. 13 CV 1290, No. 13 CV 1293 and

No. 13 CV 1294 nominate seven or fewer candidates for election to the government study commission. As a result, those petitions are not violative of the HRC & OPL or the Election Code, and Pilchesky's objections to those particular nomination petitions will be overruled.

### (C) DESIGNATION OF COMMITTEE TO FILL VACANCIES

Pilchesky next objects to section C of the nomination papers that were prepared by the Lackawanna County Department of Elections, distributed by the Bureau to government study commission candidates, and filed by thirty-eight current candidates for election to the government study commission. Section C, entitled "Committee to Fill Vacancies," requires each candidate to designate the individual(s) who the candidate has "authorized to fill any vacancy caused by the death or withdrawal of any such candidates." Pilchesky maintains that "[t]here is no legal authority" for a candidate to appoint such a committee to fill vacancies, and further argues that "[n]one of the persons named in Section C are officers of the Democratic or Republican Party who are the persons authorized at law to fill a vacancy when a candidate is lost to withdrawal, death or some other reason." (*See, e.g.*, docket entry no. 1 at ¶¶ 31-32 in No. 13 CV 1277).

Unlike candidates of political parties, candidates for election to the government study commission do not run as prospective nominees of any particular political party which has been officially recognized by the county under section 901(b) of the Election Code, 25 P.S. § 2861(b). In fact, section 2912(b) of the HRC & OPL, relating to the nomination of candidates for the government study

commission, specifically states that "[e]ach candidate shall be nominated and listed without any political designation...." 53 Pa.C.S. § 2912(b). Therefore, although candidates for elective office generally may appear on the primary election ballot only as registered electors of a recognized political party, an elector who is registered as an independent voter may seek election to the government study commission.

As noted above, section 2912(b) of the HRC & OPL directs that the nomination of candidates for election to the government study commission is governed by the provisions of the Pennsylvania Election Code pertaining to the nomination of candidates by nomination papers. Section 980 of the Election Code expressly states that "[i]n the case of the death or withdrawal of any candidate nominated...by nomination papers, the committee named in the original nomination papers may nominate a substitute in his place by filing in the proper office a substituted nomination certificate" setting forth certain information. 25 P.S. § 2940. By virtue of the plain language of 25 P.S. § 2940, the designation of a "Committee to Fill Vacancies" in Section C of the nomination papers is clearly authorized by the Election Code.

In support of his contention that only "officers of the Democratic or Republican party" are "authorized at law to fill a vacancy" involving a government study commission member, Pilchesky relies upon the Lackawanna County Home Rule Charter ("the County Charter"). (T.P. 3/21/13 at pp. 30-31). Section 1.2-206 of the County Charter addresses vacancies arising from the death, resignation, removal or forfeiture of any elected "county officer." Section 1.2-206(b) states that if a vacancy in such an

elected office occurs, "the executive committee of the political party of the person elected to the office in question shall submit a list of three persons to the judges of the court [*en banc*] within five (5) days of the vacancy," and the court shall thereafter "appoint one of the three (3) persons recommended to temporarily fill the vacancy." 335 Pa. Code § 1.2-206(b). Section 1.2- 206(b) is limited to vacancies in the office of "an elected officer," as that phrase is defined in 335 Pa. Code § 1.2-201.[3] Since a member of the government study commission is not "an elected officer" under Section 1.2-201 of the County Charter, nor has [s]he been nominated by a "political party," Section 1.2-206 of the County Charter is clearly inapplicable.

The designation of a "Committee to Fill Vacancies" in Section C of the nomination papers for government study commission candidates is explicitly sanctioned by 25 P.S. § 2940. Pilchesky's contentions that "[t]here is no legal authority" for the appointment of such a committee, and that any such vacancies may only be filled by officers of the local political parties, are without merit. Hence, his second objection to the government study commission candidates' nomination papers will also be overruled.

*(D) ABSENCE OF "ACCEPTANCE BY CANDIDATE" OATH*

Pilchesky's third challenge is predicated upon Section 2913(c) of the HRC & OPL pertaining to the "acceptance by candidate" oath which must accompany the nomination

---

3. Section 1.2-201 identifies the "elected officers" of Lackawanna County as including three county commissioners, a controller, treasurer, district attorney, sheriff, clerk of judicial records, recorder of deeds, register of wills and coroner. 335 Pa. Code § 1.2-201(a)-(i).

papers filed by a candidate for election to the government study commission. Section 2913(c) provides:

> (c) Acceptance by candidate. - - Each nomination paper shall, before it may be filed with the county board of elections, contain under oath of the candidate an acceptance of the nomination in writing, signed by the candidate therein nominated, upon or annexed to the paper, or, if the same person be named in more than one paper, upon or annexed to one of the papers. The acceptance shall certify that the candidate is an elector, that the nominee consents to run as a candidate at the election and that, if elected, the candidate agrees to take office and serve.

53 Pa.C.S. § 2913(c). Although "[t]he word 'shall' can be interpreted as mandatory or merely directory," *In re Sale of Real Estate by Lackawanna County Tax Claim Bureau,* 22 A.3d 308, 314 (Pa. Cmwlth. 2011), *app. denied,* 613 Pa. 648, 32 A.3d 1279 (2011), it is firmly "established that 'shall' is mandatory for purposes of statutory construction when a statute is unambiguous." *1-A Realty. v. Pennsylvania Public Utility Commission,* 2013 WL 53718, at * 3 (Pa. Cmwlth. 2013). The Commonwealth Court has previously held that the use of the word "shall" in the provisions of the HRC & OPL governing the election of government study commission members is to be considered a mandatory directive. *See Reese v. County Board of Elections of Lancaster County,* 10 Pa. Cmwlth. 448, 452-454, 308 A.2d 154, 157-158 (1973) (HRC & OPL requirement that each voter "shall" be instructed that, regardless of the manner of the elector's vote on the issue of whether a governmental study commission should be elected, [s]he may vote as to whom shall serve on such commission, is mandatory

notwithstanding the absence of language prescribing the manner of giving such instruction).

It is undisputed that the Lackawanna County Department of Elections neglected to prepare an "acceptance by candidate" oath to be distributed to candidates seeking election to the Lackawanna County government study commission. (*See, e.g.,* docket entry no. 1, exhibits B-C in No. 13 CV 1277). In addition, the "Instruction for Filing for the Office of Government Study Commission" which was printed and disseminated by the Lackawanna County Department of Elections failed to advise prospective candidates of the need to file an "acceptance by candidate" oath in compliance with 53 Pa.C.S. § 2913(c). As a direct consequence of the Department of Elections' failure to furnish the requisite "acceptance by candidate" form and to provide accurate instructions to candidates seeking election to the government study commission, no candidate for election to the government study commission filed an "acceptance by candidate" oath in accordance with Section 2913(c) of the HRC & OPL. (T.P. 3/21/13 at pp. 34-41).

It is well settled that a court may grant *nunc pro tunc* relief and allow a party to belatedly submit correct filings if the original failure to do so is attributable to extraordinary circumstances involving some breakdown in the administrative process. *See MKP Enterprises, Inc. v. Underground Storage Tank Indemnification Board,* 39 A.3d 570, 592 (Pa. Cmwlth. 2012), *app. denied,* 60 A.3d 537 (Pa. 2012); *Hinds v. Com., Dept. of Transp.,* 740 A.2d 1217, 1218-1219 (Pa. Cmwlth. 1999). The Supreme Court of Pennsylvania has concluded that "nunc pro tunc relief is appropriate where a breakdown in the administrative

operations of the Election Board occurs." *In re Petition to Contest General Election for District Justice in Judicial District 36-3-03*, 543 Pa. 216, 228, 670 A.2d 629, 635 (1996). *Nunc pro tunc* relief is particularly warranted where nomination petitions or papers are not properly filed as a result of an election official's inadvertent error. *See Nomination Petition of Hall*, 26 Pa. Cmwlth. 54, 60, 362 A.2d 475, 477 (1976) (nominating petition, which "was not properly filed due to an error by the Election Bureau," should have been "considered properly filed *nunc pro tunc*.").

In *Appeal of Fairview Associates, Inc.*, 61 Pa. Cmwlth. 404, 433 A.2d 929 (1981), the Delaware County Board of Elections advised supporters of a referendum question "that only 345 signatures were required" on their petition, "and, in reliance on the Board's information, the electors filed a petition containing only 498 signatures." *Id.* at 406, 433 A.2d at 930. However, the petition actually "needed a minimum of 573 signatures, of which it was 75 signatures shy at the time of filing." *Id.* After the trial court granted the electors leave to file additional signatures *nunc pro tunc*, the appellant appealed "contending that the electors' failure to obtain the proper number of signatures was a fatal, non-amendable defect." *Id.*

On appeal, the Commonwealth Court noted "that the electors in this case relied upon incorrect information provided by the Board of Elections," such that the "only issue presented...[wa]s whether or not that reliance was reasonable." *Id.* at 407, 433 A.2d at 930-931. Acknowledging that "it may have been possible to ascertain from sources other than the Board of Elections the number of signatures" required by law, the *Appeal of*

*Fairview Associates* Court nevertheless concluded that "the Board of Elections...was...an obvious and reasonable source from which to seek the required information." *Id.* at 407, 433 A.2d at 931. In affirming the lower court grant of *nunc pro tunc* relief, the Commonwealth Court reasoned:

> We believe that the clear public policy favoring access to the voting franchise militates in favor of a conclusion that the public should reasonably be expected to rely on statements from Board of Election employees acting in their official capacities..... We believe, therefore, that the electors' reliance on the statements of employees of the Board of Elections was reasonable, and that the court below properly permitted the electors to file additional signatures on their petition *nunc pro tunc.*

*Id.* at 407-408, 433 A.2d at 931.

More recently, in *In re Howells*, 20 A.3d 617 (Pa. Cmwlth. 2011), *aff'd*, 611 Pa. 559, 28 A.3d 915 (2011), the Commonwealth Court had occasion to consider whether a defect in a candidate's nominating petition could be cured *nunc pro tunc* where the candidate reasonably relied upon an election official's faulty advice. In that case, a judicial candidate failed to file a statement of financial interest in compliance with section 1104(b) of the Public Official and Employee Ethics Act, which characterizes such a failure as "a fatal defect to a petition to appear on the ballot." *Id.* at 619 (quoting 65 Pa.C.S. § 1104(b)(3)). The candidate opted not to file a statement of financial interest after the deputy chief clerk for the county election commission "told him that he was not required to file a statement of financial interest under Section 1104(b) of the Ethics Act." *Id.* In reaffirming the reasoning in *Appeal of Fairview*

*Associates*, the Commonwealth Court concluded that the lower court had properly permitted the candidate to cure the defect *nunc pro tunc*, stating:

> As in *Fairview*, Howells relied on incorrect information supplied by the Election Commission and verified that information during a subsequent conversation with [the deputy chief clerk]. Although the correct information was otherwise available to him, in contrast to the facts in *Fairview*, we nevertheless believe that the reasoning set forth in *Fairview* is equally applicable here, i.e., the clear public policy favoring access to the voting franchise militates in favor of a conclusion that the public should reasonably be expected to rely on statements from Election Commission employees acting in their official capacities. Therefore, we agree with the trial court that Howells reasonably relied on the misinformation he received from the Election Commission.

*Id.* at 623.

We find that the candidates for election to the government study commission reasonably relied upon the flawed forms and inaccurate instructions that were provided to them by the Lackawanna County Department of Elections. Based upon the holdings in *In re Howells* and *Appeal of Fairview Associates*, the candidates' failure to file the "acceptance by candidate" oath required by 53 Pa.C.S. § 2913(c) does not justify their removal from the ballot as candidates for election to the government study commission. Rather, those candidates should be granted leave to file their "acceptance by candidate" oaths *nunc pro tunc*.

During the hearing on March 21, 2013, and following considerable discussion regarding the candidates' reasonable reliance upon the erroneous forms and mistaken guidance provided by the Election Department, counsel for Paul J. Catalano, J. Gaynor Cawley, David Wenzel, Robert Calpin, Maximilian Peters and Joseph Albert asked Pilchesky if he would agree to withdraw his objection based upon 53 Pa.C.S. § 2913(c), provided the candidates were granted *nunc pro tunc* relief in "recognition that [Pilchesky] would have a valid point of law in that area." (T.P. 3/21/13 at pp. 50-51). Pilchesky replied "I'll stipulate to that." (*Id.* at p. 51). When then asked to confirm that stipulation, Pilchesky stated that he would agree to "a one-time free pass with the understanding that the county provided defective instructions, you know, and then that's what you're here for." (*Id.*).

Accordingly, in light of our finding concerning the government study commission candidates' reasonable reliance upon the erroneous forms and instructions provided by the Department of Elections, and pursuant to Pilchesky's stipulation as stated on the record, we will permit the candidates to amend their nomination papers by executing and filing their "acceptance by candidate" oaths *nunc pro tunc*. The Lackawanna County Department of Elections will be directed to produce and deliver an "acceptance by candidate" oath to the candidates for election to the government study commission within the next ten (10) days. The language of the form developed by the Department of Elections must be in complete conformity with 53 Pa.C.S. § 2913(c). The candidates for election to the government study commission must execute and file their "acceptance by candidate" oaths

with the Department of Elections by no later than April 11, 2013. The failure of a government study commission candidate to file an "acceptance by candidate" oath by April 11, 2013, will result in that candidate's removal from the primary election ballot on May 21, 2013. An appropriate order follows.

## ORDER

And now, March 22, 2013, upon consideration of the petitions filed by Joseph Pilchesky in No. 13 CV 1277, No. 13 CV 1278, No. 13 CV 1279, No. 13 CV 1280, No. 13 CV 1281, No. 13 CV 1282, No. 13 CV 1283, No. 13 CV 1284, No. 13 CV 1285, No. 13 CV 1286, No. 13 CV 1287, No. 13 CV 1288, No. 13 CV 1289, No. 13 CV 1290, No. 13 CV 1291, No. 13 CV 1292, No. 13 CV 1293 and No. 13 CV 1294 seeking to strike the nomination petitions filed by the government study commission candidates identified in those petitions, the memoranda of law and oral argument presented by the self-represented parties and counsel for the parties, and based upon the stipulation of Joseph Pilchesky as stated on the record during the hearing on March 21, 2013, it is hereby ordered and decreed that:

1. The Lackawanna County Department of Elections shall produce an "acceptance by candidate" oath under 53 Pa.C.S. § 2913(c) and shall deliver the same to all candidates for election to the Lackawanna County government study commission by no later than April 1, 2013;

2. The language of the "acceptance by candidate" oath to be produced by the Lackawanna County Department of Elections shall be in conformity with 53 Pa.C.S. § 2913(c);

3. All candidates for election to the Lackawanna County government study commission shall file their "acceptance by candidate" oaths by no later than April 11, 2013;

4. The failure of any candidate to file an "acceptance by candidate" oath by April 11, 2013, will result in the removal of that candidate from the primary election ballot on May 21, 2013; and

5. In all other respects, the petitions to set aside filed by Joseph Pilchesky in the above-captioned matters are denied.