**[J-22-2017] [MO: Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| GREEN PARTY OF PENNSYLVANIA AND CHERI HONKALA, | : No. 11 MAP 2017 |
| | : |
| | : Appeal from the Commonwealth Court |
| Appellants | : Order dated February 15, 2017 at No. |
| | : 43 MD 2017 |
| | : |
| v. | : SUBMITTED: February 23, 2017 |
| | : |
| | : |
| DEPARTMENT OF STATE BUREAU OF | : |
| COMMISSIONS, ELECTIONS AND | : |
| LEGISLATION AND COMMONWEALTH | : |
| OF PENNSYLVANIA, | : |
| | : |
| Appellees | : |

**DISSENTING OPINION**

**JUSTICE DONOHUE**

**DECIDED: March 3, 2017**
**OPINION FILED: August 22, 2017**

When interpreting provisions of the Election Code, at least three basic principles must be considered and applied. First, the Election Code "speaks to the ordinary citizen" and its plain language must be read "in a common sense fashion as "expanding, and not contracting" applicable time periods. *In re Nomination of Lahr*, 842 A.2d 327, 332 (Pa. 2004). Second, the Election Code "must be liberally construed to protect a candidate's right to run for office and the voters' right to elect the candidate of their choice." *In re James*, 944 A.2d 69, 72 (Pa. 2008); *Petition of Ross*, 190 A.2d 719, 720 (Pa. 1963). Third, we must not presume that the General Assembly intended a result that is absurd or unreasonable. 1 Pa.C.S. § 1922(1); *Banfield v. Cortes*, 110 A.3d 155, 168 (Pa. 2015).

The issue here is the proper calculation of the applicable time period for filing a nomination certificate pursuant to section 629 of the Election Code, which provides, in pertinent part:

> Said nomination certificates … shall be filed in the office of the Secretary of the Commonwealth not later than fifty (50) days prior to the date of the special election…

25 P.S. § 2779. Applying a common sense, "ordinary citizen" reading of the statute that expands, rather than contracts, the available time period for filing a nominating petition in a special election, the date of the special election, March 21, 2017, is counted as the first of the fifty day time period, which results in a filing deadline of January 31, 2017 (twenty-one days in March, twenty-eight days in February, and one day in January). Because Appellants filed the nomination certificate on January 31, 2017, it was timely filed. Stated simply, a citizen reading section 629 would count back fifty days from March 21, 2017 (the date of the special election) and conclude that the nomination certificate needed to be filed no later than January 31, 2017.

The learned Majority, unfortunately, ignores the applicable rules of construction and instead insists on the strictest possible legalistic construction of section 629. Even though no language in section 629 indicates, or even suggests, that its terms cannot be construed on their own merits, the Majority requires resort to a separate provision of the Election Code, section 103(e).[1] According to the Majority, application of section 103(e)

---

[1] Section 103(e) provides as follows:

> In determining or reckoning any period of time mentioned in this act, the day upon which the act is done, paper filed, or notice given, shall be excluded from, and the date of the primary, election, hearing or other subsequent event, as the

(continued…)

requires that the date of the election counts as the first day of the period, but because Appellants filed the nomination certificate on the fiftieth day (January 31, 2017), one must "skip over" that date, thus making January 30, 2017 the fiftieth day. Majority Op. at 7. Of course, January 30, 2017 is, without any question, the **fifty-first** day prior to the date of the special election.

The Majority's interpretation of the time period in section 629, when combined with the stultifying and entirely obscure and counterintuitive application of section 103(e), does not look to the plain language of section 629 or liberally interpret that language in a way that expands, rather than contracts, the time period at issue. Likewise, it does not protect a candidate's right to run for office or the voters' right to elect the candidate of their choice. To the contrary, the result is both absurd and unreasonable, as it interprets the Election Code in a manner than affords a putative candidate one day **less** than section 629 plainly affords. As this Court adroitly opined in another election case in which the Commonwealth Court misinterpreted a thirty-day time period under the Election Code to require action within twenty-eight days,

> The citizen should not be obliged to read the [Election Code] in a tortured fashion, as if he were the brilliant but often-confused wizard Merlyn in The Once and Future King, i.e., living backwards in time, so that the "next" day to accomplish the act becomes a day that already has passed.

*Lahr*, 842 A.2d at 332 (footnote omitted).

---

(…continued)
> case may be, shall be included in the calculation or reckoning …

25 P.S. § 2603(e).

In my opinion, the Majority's tortured reading of section 629 fails to consider its language in a common sense fashion with proper consideration of the need to liberally construct the provisions of the Election Code and to avoid absurd and unreasonable outcomes. Because Appellants filed the nomination certificate on the fiftieth day prior to the special election, it was timely filed. Accordingly, I respectfully dissent.

Justice Wecht joins this dissenting opinion.