578 A.2d 407

**In re Nomination Petition of Ralph ACOSTA as Democratic Candidate for Office of Member of the General Assembly for the 180th District.**

**Petition of Henry T. KANE.**

**Appeal of Ralph ACOSTA.**

Supreme Court of Pennsylvania.

Argued May 7, 1990.

Decided Aug. 17, 1990.

Robert J. Mulligan, Jr., Philadelphia, for appellant.

Isadore A. Shrager and Ira B. Shrager, Philadelphia, Amici Curiae, for appellant, Ralph Acosta.

Terrence J. Schade, Herbert W. Salus, Jr., Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

This is an appeal from an order of the Commonwealth Court setting aside the nomination petition of appellant, Ralph Acosta, as a Democratic candidate for the office of

State Representative from District No. 180 of the Commonwealth of Pennyslvania. Following argument, we entered a per curiam order reversing the disposition below and noting that an opinion would follow.

On March 6, 1990, the last day for filing nomination petitions for the May primary election, appellant filed his nomination petition with the Office of the Secretary of State, Bureau of Elections.[1] Seven days later, on March 13, 1990, appellee, Henry T. Kane, filed a petition in the Commonwealth Court raising objections to appellant's nomination petition. On the same day, a copy of appellee's petition to set aside was mailed to the Secretary of the Commonwealth. This copy of appellee's petition to set aside was not received by the office of the Secretary of the Commonwealth until March 19, 1990.

Following hearings on appellee's petition to set aside appellant's nomination petition, the Commonwealth Court struck 169 signatures as invalid and denied appellant's request to amend his petition nunc pro tunc to include the 644 signatures which, although available for filing, were not filed on March 6 as part of the nomination petition. Finding that the petition to set aside appellant's nomination petition had been timely served upon the Secretary of the Commonwealth and finding that the nomination petition contained fewer than the 300 signatures required by the Election Code,[2] Commonwealth Court set aside appellant's nomination petition and assessed the costs of the proceedings against appellant.

Appellant filed a motion for an emergency appeal and stay with this Court. On April 18, 1990, Mr. Chief Justice Nix granted a stay of the Commonwealth Court order, and

---

1. When he arrived in Harrisburg, Pennsylvania, to file a nomination petition containing 1044 signatures, appellant was advised by a notary public, formerly a clerk at the State Board of Elections, that there might be a problem with the notary stamps appearing on his petition in that there was no rectangular printed box around the notary expiration date. Nine sheets of the petition with 400 signatures were then and there renotarized and filed as appellant's nomination petition.

2. 25 P.S. § 2872.1(14).

the case was listed for argument before this Court.[3] The issue of concern herein is whether appellee's petition to set aside appellant's nomination petition was timely served upon the Secretary of the Commonwealth.

Section 977 of the Election Code provides, in relevant part, as follows:

All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that the said petition or paper be set aside. *A copy of said petition shall, within said period, be served on the officer or board with whom said nomination petition or paper was filed ....* The office of the Prothonotary of the Commonwealth Court and the office of the Secretary of the Commonwealth and the various offices of prothonotary of the court of common pleas shall be open between the hours of eight-thirty o'clock A.M. and five o'clock P.M. on the last day to withdraw after filing nomination petitions and on the last day to file objections to nomination petitions.

25 P.S. § 2937 (Purdon 1989) (emphasis added).

 Commonwealth Court properly determined that service by mail is not precluded by the Election Code. The court further determined that service was timely made upon the Secretary of the Commonwealth, because appellee mailed a copy of his petition to set aside appellant's nomination petition to the Secretary of the Commonwealth on the seventh day after the last date for filing nomination petitions. The Commonwealth Court based its determination upon Pa.R.Civ.P. Rule 440(b), which provides that service of legal papers by mail is complete upon mailing. Opinion of the Court at 3 (Apr. 12, 1990).

---

3. The jurisdiction of this Court is based upon the provisions of 42 Pa.C.S.A. § 723(a) (Supreme Court has exclusive jurisdiction over appeals from final orders in matters originally commenced in Commonwealth Court).

In *In re Johnson*, 509 Pa. 347, 502 A.2d 142 (1985), this Court held that the Pennsylvania Rules of Civil Procedure do not apply to a challenge to a nomination petition or paper in light of the overriding consideration embodied in section 977 of the Election Code, i.e., the expeditious consideration and resolution of challenges to nomination petitions.

This Court stated in *Benyon Appeal*, 370 Pa. 532, 536, 88 A.2d 789, 790–91 (1952), that:

> The evident purpose of this section was to advise the official with whom the nomination petition was filed that objections thereto had been made so that the name of the candidate whose petition is attacked would not be placed on the ballot until the controversy is finally determined.

■ The requirement that the official with whom the nomination petition was filed receive timely notice that a petition to set aside has been filed is not just excess statutory verbiage. Service of a petition to set aside a nomination petition upon the officer or board with whom a nomination petition has been filed within the time limit prescribed by section 977 of the Election Code is *mandatory. In re Lee*, 525 Pa. 155, 578 A.2d 1277 (1990); *American Labor Party Case*, 352 Pa. 576, 44 A.2d 48 (1945). Clearly, when the Legislature amended section 977 of the Election Code in 1974, to include the final sentence which prescribes the office hours for the Secretary of the Commonwealth on "the last day to file objections to nomination petitions," 25 P.S. § 2937, it did so to ensure that the Secretary would *receive* a copy of the petition to set aside *within* the time limits set forth in that section.[4]

Appellee did not serve the Secretary of the Commonwealth with the petition to set aside appellant's nomination petition within the time limit prescribed by section 977 of the Election Code. Accordingly, Commonwealth Court

---

**4.** "Service" is defined as the *exhibition or delivery* of a legal document "to a person who is thereby officially notified of some action or proceeding in which he is concerned, and is thereby advised or warned of some action or step which he is commanded to take or to forbear." Black's Law Dictionary (5th Ed.) (emphasis added). It is *when* the document is delivered that it is said to have been served. *Id.*

could not grant the relief requested in the petition to set aside. *American Labor Party Case, supra.*

Order reversed.

McDERMOTT, J., did not participate in the consideration or decision of this matter.