632 A.2d 862

**In re the Substitute Nomination Certificate of Scott A. EVANS as a Democratic Candidate for Judge of the Court of Common Pleas for the 12th Judicial District, Dauphin County, Pennsylvania.**

**Petition of Elizabeth HRENDA–ROBERTS, et al., Registered Democrats Residing in the 12th Judicial District, Dauphin County, Pennsylvania, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 7, 1993.

Decided Oct. 18, 1993.

Robert B. MacIntyre, Harrisburg, for appellant.

Joshua D. Lock, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

### OPINION OF THE COURT

FLAHERTY, Justice.

Objectors, registered Democrats in Dauphin County, filed a petition in the Commonwealth Court under its original jurisdiction, objecting to and seeking to set aside a substitute nomination certificate of Scott A. Evans as Democratic party candidate for the position of common pleas court judge in Dauphin County. The Commonwealth Court considered the objections and, on two alternative grounds, dismissed the petition. 158 Pa.Cmwlth. 297, 631 A.2d 797.

The dispute is based on the following facts. Evans had sought and won the Republican party nomination for the position in the May, 1993 primary election. Louis J. Adler won the Democratic party nomination for the same position in the same primary election, but subsequently withdrew as a

candidate. On Thursday, August 19, 1993, the Democratic Party of Dauphin County filed a substitute nomination certificate with the Office of the Secretary of the Commonwealth, substituting Evans for Adler.

The objectors claimed that the substitute nomination certificate is invalid under section 979 of the Election Code, 25 P.S. § 2939, which provides that "no substitute nomination certificate shall nominate any person who has already been nominated by any political party or by any other political body for the same office." They filed an objection petition with the Commonwealth Court on Monday, August 23, 1993, and served a copy of the petition on the election bureau of the Office of the Secretary of the Commonwealth on Tuesday, August 24, 1993. Evans filed a motion to dismiss the objections. Following a hearing before President Judge David W. Craig, the Commonwealth Court dismissed the objectors' petition for two independent reasons.

First, the court held that 25 P.S. § 2939 does not apply to judicial candidates, who should be nonpartisan, and are therefore permitted to cross-file and run for the nominations of both political parties, as evidence of bipartisan support. Section 2939 must be read *in pari materia* with section 2941.1, amended in 1985, which states:

> Each candidate ... selected as provided in sections 979 and 980 of this act, shall file with the substituted nomination certificate an affidavit stating— ... (f) *unless he is a candidate for judge of a court of common pleas* ... that he is a not a candidate for the same office of any party....

(Emphasis added.) The court interpreted the latter, recently amended, section to necessitate a recognition that candidates for the court of common pleas are exempted from the prohibition in section 979, 25 P.S. § 2939, against party nominees being substituted as candidates by another party. The court held that the amendment therefore recognizes the long-standing statutory differentiation between elections for judges and other political offices. In the view of the Commonwealth Court, the 1985 provision mirrors 25 P.S. § 2870, relating to affidavits of candidates, which, since its adoption in 1937, has

provided that persons seeking judicial office in the courts of common pleas can cross-file and run for the nomination of both political parties, citing *Thompson v. Morrison,* 352 Pa. 616, 620, 44 A.2d 55, 57 (1945), and *Brown v. Finnegan,* 389 Pa. 609, 133 A.2d 809 (1957). The court concluded that 25 P.S. § 2939, prohibiting persons already nominated by one political party from being nominated as a substitute candidate by another political party for the same office, does not apply to candidates for judgeships on the courts of common pleas.

Second, as an alternative ground, the court held that the objectors' petition to set aside the substitute nomination certificate was not filed and served within the mandatory time limitations of 25 P.S. §§ 2942 and 2937, and should therefore be dismissed. Section 2942 provides, in pertinent part: "All substituted nomination certificates may be objected to, as provided in section 977 of this act [25 P.S. § 2937], *except objections to substituted nomination certificates must, in any case, be filed within three (3) days after the filing of the nomination certificate....*" (Emphasis added.) Section 2937 provides, in pertinent part:

> All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that the said petition or paper be set aside. *A copy of said petition shall, within said period, be served on the officer or board with whom said nomination petition or paper was filed.*

(Emphasis added.) The court held that the statutory sections quoted here must be read *in pari materia* and that the seven-day period within which objections to nomination papers must be filed and served is reduced to three days in the case of substitute nomination certificates. The objectors filed their petition to set aside the certificate with the Commonwealth Court in timely fashion, within three days, but did not serve a copy of the petition on the Election Bureau until the fourth day. Relying on *In re Lee,* 525 Pa. 155, 578 A.2d 1277 (1990),

and *In re Petition of Acosta,* 525 Pa. 135, 578 A.2d 407 (1990), in which this court held that the time requirement of 25 P.S. § 2937 is mandatory, and that failure to effect service within the allotted time renders an objection petition void. The court concluded that the objection petition was untimely and must be dismissed.

This court need not review the propriety of Evans' nomination by two political parties for a position on the Court of Common Pleas of Dauphin County. The Commonwealth Court correctly dismissed the objection petition for failure to comply with the mandatory requirement of 25 P.S. §§ 2937 and 2942 that objections to a substitute nomination certificate be filed *and served* within three days of the filing of the certificate. As we stated in *In re Petition of Acosta, supra:* "Service of a petition to set aside a nomination petition upon the officer or board with whom a nomination petition has been filed within the time limit prescribed by section 977 of the Election Code is *mandatory.*" 525 Pa. at 139, 578 A.2d at 409 (emphasis in original). Therefore, the objector's petition served after the time for service had expired must be dismissed.

Order affirmed.