**In re: The Nomination Petition of Joseph DiGIROLAMO for Mayor, Joseph Szafran for Council, Joseph Pillieri for Council and William Maddocks for Council of Bensalem Township.**

**Objection of: Joseph Ciprich.**

**Appeal of: Joseph Ciprich.**

Commonwealth Court of Pennsylvania.

Argued April 14, 2005.
Decided April 26, 2005.

Lawrence M. Otter, Doylestown, for appellant.

Joseph W. Pizzo, Trevose, for appellees.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, Judge, and FRIEDMAN, Judge.

OPINION BY President Judge COLINS.

 Joseph Ciprich (Ciprich) appeals from an order of the Court of Common Pleas of Bucks County rejecting his request to set aside the Nomination Petitions of Joseph DiGirolamo, William Maddocks, Joseph Szafran, and Joseph Pilieri (the candidates). We affirm on limited grounds.[1]

Ciprich, an elector of the Republican Party residing in Bensalem Township, filed an Objection to the Nomination Petitions of the candidates. Mr. DiGirolamo is the incumbent Mayor of Bensalem. Mr. Maddocks, Mr. Szafran, and Mr. Pilieri are all incumbent councilmen of Bensalem. The candidates are all incumbents of three or more consecutive terms. Ciprich's objections are based entirely upon an allegation that term limits of no more than two consecutive terms apply to the candidates and that they are therefore ineligible to run in the primary elections for the Republican Party in Bensalem.

 Bensalem is a second class township. Ciprich claims the term limits were voted for by the people of Bensalem in a referendum in 1987, wherein a new form of municipal government was selected under the Optional Plan. The referendum selected the Mayor–Council Plan B form of government. Ciprich's claim is based upon a recommendation of the Government Study Commission that included among other recommendations, term limits of not more than two consecutive terms. Ciprich claims that in voting in favor of these recommendations, the people of Bensalem

---

1. This Court's standard of review is "limited to determining whether the trial court's findings of fact are supported by substantial evidence, whether the trial court abused its discretion or whether the trial court committed an error of law.... In reviewing the trial court's determination, we keep in mind that the Election Code must be liberally construed to protect a candidate's right to run for office and the voters' rights to elect a candidate of their choice." *In re Petition of Hanssens,* 821 A.2d 1247 (Pa.Cmwlth.2003) (internal citations omitted), *petition for allowance of appeal denied,* 573 Pa. 692, 825 A.2d 640, (2003).

intended to vote in favor of the term limits as well. However, when the new government first convened to adopt a new Township Administrative Code, the term limits provision was not included. Both parties agree that there is no other statutory authority for imposing term limits in Bensalem. The candidates respond that the Government Study Commission was not authorized to recommend term limits and that Bensalem Township is not authorized to enact such term limits. The court below agreed with the candidates. We need not reach these issues here and we do not affirm on these grounds.

This Court affirms the order of the court below on the ground that Ciprich filed Objections to the Nomination Petitions of the candidates and nevertheless failed to allege any defect whatsoever with the Nomination Petitions themselves. Ciprich based his Objections to the candidates' Nomination Petitions on Sections 976 and 977 of the Election Code[2], 25 P.S. §§ 2936 and 2937. Section 977 states in relevant part,

> If the court shall find that said nomination petition or paper is defective under the provisions of section 976 or does not contain a sufficient number of genuine signatures of electors entitled to sign the same under the provisions of this act, or was not filed by persons entitled to file the same, it shall be set aside.

Section 976 states in relevant part,

> No nomination petition, nomination paper or nomination certificate shall be permitted to be filed if—(a) it contains material errors or defects on the face thereof, or on the face of the appended or accompanying affidavits; or (b) it contains material alterations made after

signing without the consent of the signers; or (c) it does not contain a sufficient number of signatures as required by law. . . .

Nowhere in these sections is there any reference to challenging a nomination petition on the ground that a candidate or candidates may be exceeding term limits. Essentially, Ciprich is bringing a challenge to the candidates' qualifications based upon an as yet unresolved controversy regarding term limits, and not a challenge to the validity of their Nomination Petitions at all. Therefore, Ciprich's objection is procedurally improper and the candidates' Nomination Petitions must stand.

We note also, that the candidates draw this Court's attention to the case of *Shrier, et al. v. Kisselback, et al.*, Court of Common Pleas of Bucks County No.2003–03202–24–5.[3] To begin with, this Court recognizes that the issues presented in the *Shrier* case are nearly identical to the case at hand. Nevertheless, *Shrier's* procedural posture is that of a *quo warranto* action, the proper action for challenging the qualifications of a candidate or elected official. However, we reject the candidates' argument that the doctrine of collateral estoppel applies to this action based upon the Common Pleas Court's ruling in *Shrier*. Collateral estoppel is "an affirmative defense barring a party from re-litigating an issue determined against that party in an earlier action, even if the second action differs significantly from the first one." *Black's Law Dictionary*, Seventh Edition, p. 256, West Group 1999. The parties in this case and in *Shrier* are wholly different and only the issues are in common. To apply the doctrine of collateral estoppel in

---

**2.** Election Code, Act of June 3, 1937, P.L. 1333, *as amended.*

**3.** *Shrier* has been remanded to this Court from the Pennsylvania Supreme Court and will be argued prior to the next municipal election.

such circumstances is an untenable stretch of that doctrine and we decline to do so.

Accordingly, we affirm.

### *ORDER*

AND NOW, this 26th day of April 2005, the order of Court of Common Pleas of Bucks County is affirmed on the ground set forth in Commonwealth Court's opinion.