In the Matter of the Nomination Petition of Karen EMENHEISER as a Republican Candidate for Representative in the General assembly form the 95th Legislative District.

**Larry D. Homsher and Mary A. Homsher, Petitioners.**

Commonwealth Court of Pennsylvania.

Heard March 20, 2006.

Decided March 21, 2006.

Publication Ordered April 13, 2006.

Michael D. Craley, Red Lion, for petitioner.

Karen M. Balaban, Harrisburg, for respondent.

OPINION BY Senior Judge FLAHERTY.

Larry D. Homsher and Mary A. Homsher (Objectors) petition this Court to set aside the nomination petition (Petition) of Karen Emenheiser (Candidate), Republican candidate for the office of Representative in the General Assembly (State Representative) from the 95th Legislative District of Pennsylvania. Because Objec-

tors failed to serve in a timely manner, we dismiss Objectors' petition to set aside.

 Candidate timely filed with the Secretary of the Commonwealth, Bureau of Elections sixteen pages of signatures clipped together, numbered "1" through "16", as her Petition in support of her candidacy. As required by the Election Code, the Secretary reviewed the Petition and marked off various signature lines that were incomplete, and then accepted the Petition for the Candidate to have her name placed on the ballot for State Representative.[1]

Section 912.1(14) of the Election Code, 25 P.S. § 2872.1(14), requires that Candidates for nomination for State Representative shall present at least 300 valid signatures of registered and enrolled members of the Candidate's party in order to be placed on the ballot for the ensuing primary. Here, Candidate has obtained approximately 446 signatures. (Petition at p. 4.) Objectors raised 305 total objections (some signatures are subject to multiple objections) in a Petition to Set Aside Nomination Petition (Set Aside Petition).

Objectors served the Secretary of the Commonwealth of Pennsylvania (Secretary) with the Petition and a copy of the Order scheduling a hearing on the matter for March 20, 2006, by certified letter. The letter was sent March 14, 2006 (Exhibit 1A) and was stamped as "RECEIVED" by the Office of the Secretary on March 16, 2006. (Exhibits 1A and 1B.) The last day to file the petition with the Court was March 14, 2006.

 Failure to serve the Secretary of the Commonwealth with the petition by the last day to file the petition with the Court renders the objection petition void.

*In re Evans,* 158 Pa.Cmwlth. 297, 631 A.2d 797 (1993), *aff'd,* 534 Pa. 279, 632 A.2d 862 (1993). While service by mail is permissible, the objection must actually be received by the Secretary within the time period. *In re Petition of Acosta,* 525 Pa. 135, 578 A.2d 407 (1990). Because service within the applicable period is mandatory, a petition to set aside served after the time for service has expired must be dismissed. Accordingly, because Objectors petition to set aside was received by the Secretary after the time for service had expired, we dismiss.

### *ORDER*

AND NOW, this 21th day of March, 2006, after hearing held with due and deliberate consideration, it is hereby ORDERED that the Petition to Set Aside Nominating Petition be dismissed.

Costs to be paid by Petitioners.

---

1. The Election Code is the Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2600–3591.