**In Re: The Substitute Nomination Certificate of Bob BARR as The Libertarian Candidate for President of the United States**

**Objection of: Victor P. Stabile.**

Commonwealth Court of Pennsylvania.

Heard Sept. 5, 2008.
Decided Sept. 15, 2008.
Publication Ordered Sept. 19, 2008.

Ronald L. Hicks, Jr., Pittsburgh and Lawrence M. Otter, Doylestown, for petitioner.

Samuel C. Stretton, West Chester, for respondent.

Mark Antony Arrigo, Philadelphia, for amicus curiae, Libertarian Party.

OPINION BY Judge BUTLER.

Victor P. Stabile (Stabile) petitions to set aside the Substitute Nomination Certificate of Libertarian Party (Party) candidate Robert Barr (Barr) for President of the United States (President). For reasons set forth in this opinion we dismiss and deny Stabile's petition.

The Petition lists as Respondents: Pedro Cortés, Secretary of the Commonwealth; Robert Barr, the Libertarian Party's candidate for President; and the Libertarian Party itself, along with the Libertarian Party of Pennsylvania (LPPa). Stabile presents himself to this Court as a "duly registered and an enrolled 'qualified elector' of the Commonwealth of Pennsylvania [who] is registered to vote and resides in the Commonwealth of Pennsylvania." Petition to Set Aside Substitute Nomination Certificate ¶ 2. He concedes that he has not signed a nomination certificate or nomination paper for any candidate. Emphasizing the point that Stabile is not a member of the Libertarian Party, Counsel for Respondent Barr stated Stabile is a republican chairman.[1] Notes of Testimony, September 5, 2008 (N.T.) at 173. Counsel for Stabile did not confirm or deny this allegation. Notwithstanding, the parties presented no evidence to support a factual finding on this point, and Stabile's party affiliation is not determinative of the outcome in the

---

1. Apparently Stabile is chairman of the Cumberland County Republican Committee.

matter before the Court. The relevant factual background is as follows.

On February 23, 2008, the Libertarian Party and LPPa began circulating nomination papers for various statewide candidates. Rochelle Etzel (Etzel) was included on nomination papers as the Libertarian Party's candidate for the office of President. On May 25, 2008, the Libertarian Party nominated Robert Barr as its national presidential candidate. The Libertarian Party and LPPa continued, however, to circulate nomination papers in Pennsylvania naming Etzel as their presidential candidate. On August 7, 2008, Etzel withdrew her candidacy; and on August 15, 2008, the Libertarian Party and LPPa filed a substitute nomination certificate identifying Robert Barr as their presidential candidate.

Stabile timely filed his objection to the certificate on August 18, 2008. An evidentiary hearing was held before this Court on September 5, 2008.

In his petition, Stabile contends that the substitute nomination certificate was obtained by misleading Pennsylvania's voters and should, therefore, be stricken. The Court does not agree.

■■■ From the outset, we hold that the Court does not have jurisdiction over the Libertarian Party or the LPPa. Stabile's counsel conceded that the Libertarian Party and the LPPa were never served. Counsel stated that the reason for not serving these named Respondents was that he did not believe they were parties and the Court Scheduling Order did not require service upon the Party and LPPa. N.T. at 25. In fact, Pennsylvania's Rules of Civil Procedure require service, and proper service is a prerequisite to the exercise of personal jurisdiction over a defendant or respondent. *Fraisar v. Gillis*, 892 A.2d 74 (Pa.Cmwlth.2006) (citing *Cintas*

*Corporation v. Lee's Cleaning Services, Inc.*, 549 Pa. 84, 91, 700 A.2d 915, 917–918 (1997) ("[w]ithout valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her")). This Court may not determine a legal action with respect to any party unless and until the Court possesses both subject-matter and personal jurisdiction with respect to that party. *Id.* Because Stabile failed to serve the Libertarian Party and the LPPa, this Court does not have personal jurisdiction regarding the same.

■■■ The remaining Respondents are thus Secretary Cortés and candidate Barr. Throughout Stabile's Petition, however, Stabile repeatedly alleges improper conduct on the part of the Libertarian Party and LPPa, namely: acting with the intent of subverting the basic tenets of Pennsylvania's election laws, intentional misrepresentations to the voters of the Commonwealth, acting with intent to manipulate voters into aiding the Party's subversion scheme, and deliberately circulating misleading nomination papers while the Party knew that the named candidate had no intention of remaining the Party's candidate. Stabile alleges no wrongdoing on the part of Secretary Cortés. Additionally, Stabile's only allegations against candidate Barr are that he caused Etzel to withdraw her candidacy with the intent of misleading Pennsylvania voters, and that he allowed nominating papers to continue to be circulated in Pennsylvania with Etzel listed as the Party's candidate after he had been nominated by the Party. Stabile has utterly failed to produce any evidence to support a finding of Barr's direct involvement or active participation with respect to the circulation of nominating papers in Pennsylvania or with respect to Etzel's withdrawal.

Stabile's Petition is therefore dismissed as against the Libertarian Party and the LPPa for lack of personal jurisdiction, and denied as against the remaining Respondents as the Court is not persuaded that these Respondents took any action in violation of the Pennsylvania Election Code (Election Code).[2]

Moreover, if Stabile's papers had been properly served and this Court thereby acquired personal jurisdiction over the Party and the LPPa, the Court would nonetheless deny Stabile's Petition because the Court is not convinced that the Party or the LPPa intended to mislead voters or subvert the electoral process by nominating the LPPa's local candidate then substituting the Party's national candidate at a time most convenient to the Party.

■ In general, a political party/body has the right to choose the candidate selection process that it determines to be most appropriate to produce the nominee who will best represent the chosen platform. *N.Y. State Bd. of Elections v. Lopez Torres,* — U.S. —, 128 S.Ct. 791, 169 L.Ed.2d 665 (2008). It is well established that the "longstanding and overriding policy in our Commonwealth [is] to protect the elective franchise." *In Re Nader,* 580 Pa. 22, 39, 858 A.2d 1167, 1177 (2004). Therefore, "the Election Code must 'be liberally construed in order to protect a candidate's right to run for office, and the voters' right to elect the candidate of their choice.'" *Id.* (quoting *In Re Nomination Petition of Flaherty,* 564 Pa. 671, 678, 770 A.2d 327, 331 (2001)).

The Election Code provides that any person who has been nominated for office by a political body may withdraw by written request duly signed and acknowledged, and filed in the appropriate office as specified therein. *See* Section 978(b) of the Election Code, 25 P.S. § 2938(b). The Election Code further provides that where a political body's nominee so withdraws, "the committee named in the original nomination papers may nominate a substitute in his place by filing in the proper office a substituted nomination certificate...." Section 980 of the Election Code, 25 P.S. § 2940.[3]

■ Here, Stabile does not dispute whether Etzel withdrew her name from nomination in accordance with the above-stated provisions of the Election Code, or whether the Party filed its substitute nomination certificate in accordance with these provisions. The only issue Stabile brings before this Court is whether the Party violated the Election Code by intentionally misleading the voters of the Commonwealth of Pennsylvania. After reviewing the briefs submitted by the parties, evaluating the evidence presented at the hearing, and taking oral argument into account, this Court is not convinced that the Party and LPPa intended to mislead Pennsylvania voters when they named Etzel as their presidential candidate and subsequently had her withdraw in favor of substituted Libertarian candidate Barr.

In nominating Etzel prior to the Libertarian National Convention and substituting Barr thereafter, the Party and LPPa merely complied with the Party's election process as it has been established in Pennsylvania since 1996 when, nationally, the Party moved its convention from a date prior to the legal date for circulation of

---

**2.** Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2600–3591.

**3.** This Court notes that Section 980 of the Election Code specifically addresses substituted nominations by "political bodies" as opposed to Section 979 of the Election Code, 25 P.S. § 2939, which addresses substituted nominations by "parties."

Pennsylvania nomination papers to a subsequent date. Since then, given the time constraints, the Party and LPPa have deemed it necessary to circulate nomination papers prior to their national convention in order to take full and fair advantage of the time period allotted under Pennsylvania's Election Code to secure the necessary signatures in support of their candidate.

Here, the parties stipulated that under Section 953(b) of the Election Code, 25 P.S. § 2913(b), the first legal date for circulation of nomination papers in Pennsylvania was February 13, 2008. The Election Code requires, however, that nomination papers actually name a candidate. Section 952 of the Election Code, 25 P.S. § 2912. Thus, the Libertarian Party and LPPa began circulating Pennsylvania nomination papers on February 23, 2008, listing Etzel as their candidate. They did not list Robert Barr as their candidate on the nomination papers because at that point the Libertarian national convention had yet to take place and Barr had yet to be nominated by the Party at the national level.

The Court finds that the Party and LPPa's intent was to comply with the Election Code, not to mislead Pennsylvania's voters. The process employed by the Libertarian Party under the circumstances in Pennsylvania appears to be reasonably calculated to allow the Party to produce the nominee who will best represent the party's platform. As additional support for the finding that the Party and LPPa did not intend to mislead voters, the Court notes that the Party maintained a publicly accessible website such that any voter could visit the site *via* the internet at any time to view the then current Libertarian candidates. N.T. at 97–100.

At the hearing before this Court, the parties stipulated that: in February of 2008, Etzel was informally selected by the board of directors of the LPPa to have her name placed on nomination petitions to run as the Libertarian candidate for President; in March 2008, at the Libertarian Party's tri-state convention, the board of directors again confirmed that Etzel's name would be placed on petitions to run as the Libertarian candidate for President; in May 2008, at the Libertarian Party's national convention, the Party nominated Robert Barr to run as their candidate for President; Etzel always understood that she would step aside for the party's national candidate once the nomination process was completed; Etzel took no steps to form a committee, to actively seek the office of President or to place her name on the ballot in other states. N.T. at 65–68.

Stabile argues that the above stipulations are per se evidence of the Party's intent to mislead Pennsylvania voters. It is his contention that Etzel and Barr signed affidavits stating that they would uphold the Election Code and that they were seeking the office of President, and in doing so they committed fraud by intentionally subverting the Pennsylvania election process. Stabile further argues that the affidavit signed by Etzel is evidence of fraud as she stated in pertinent part: "I do swear (or affirm) . . . the name of the office for which I desire to be a candidate [is] as specified. . . ." *See* Petitioner's Hearing Exhibit 9. Stabile argues that in signing the affidavit Etzel engaged in misrepresentation because she knew she would step aside for the national candidate. Etzel is not named as a respondent to Stabile's Petition.

Nonetheless, Section 951(e) of the Election Code, 25 P.S. § 2911(e), provides that an affidavit shall be appended to each nomination paper offered for filing stating, *inter alia,* "the name of the office for which he consents to be a candidate . . .

[and] that he will not knowingly violate any provision of this act, or of any law regulating and limiting election expenses, and prohibiting corrupt practices in connection therewith...." Similarly, Section 981.1 of the Election Code, added by Section 6 of the Act of April 18, 1985, P.L. 5, 25 P.S. § 2941.1, provides that each candidate shall file an affidavit with a substituted nomination certificate stating, *inter alia*, "the name of the office for which he consents to be a candidate [and] that he will not knowingly violate any provision of this act, or of any law regulating and limiting election expenses and prohibiting corrupt practices in connection therewith...."

Both Etzel and Barr consented to being candidates for President, and neither committed a knowing violation, as each fully complied with the rigors of the Election Code in effectuating the withdrawal and substitution at issue. Further, Etzel was not called to testify at the hearing in this matter and there was no direct evidence presented as to what Etzel did or did not desire. She consented to run as the Party's Pennsylvania candidate for President, and to step aside when called to do so in favor of the Libertarian Party's agreed-upon national candidate once selected. Had the Libertarian Party decided to make Etzel the national candidate, Etzel may very well have accepted the nomination. The evidence presented does not convince the Court otherwise. The Court finds no misrepresentation on the part of Etzel, Barr or the Party. The Court finds no fraud on the part of either candidate or the Party as they never intended to subvert Pennsylvania's election process. The Party simply took reasonable action to abide by the Election Code while furthering its legitimate interest in producing the nominee best suited to represent the Libertarian platform as the Libertarian presidential candidate.

For these reasons, the Petition of Victor P. Stabile to set aside the substitute nomination certificate of Robert Barr is hereby dismissed and denied.

## ORDER

AND NOW, this 15th day of September, 2008, Victor P. Stabile's Petition to Set Aside the Substitute Nomination Certificate of Robert Barr is hereby Dismissed as against the Libertarian Party and the Libertarian Party of Pennsylvania, and Denied with respect to all Respondents.

The Chief Clerk is directed to forward a copy of this order to the Secretary of the Commonwealth; the Secretary of the Commonwealth is directed to include on the ballot for the 2008 General Election the name of Bob Barr as the Libertarian Party candidate for President of the United States; Victor P. Stabile is ordered to pay all costs; and the parties shall be responsible for their own attorney's fees.