In Re: Nominating Petition
of Angela GERENA.

Appeal of Israel Alfaro.

In Re: Nominating Petition
of Eduardo Mercado.

Appeal of Joanna Lopez.

In Re: Nominating Petition of
Miguel Angel DeJesus.

Appeal of Milsa Rodriguez.

In Re: Nominating Petition
of Maria Feliciano.

Appeal of Elise Eseranza–Perez.

In Re: Nominating Petition
of Zenaida Cosme.

Appeal of Linda Soto.

In Re: Nominating Petition
of Maria Santiago.

Appeal of Rosa Guzman.

In Re: Nominating Petition
of Juana Martinez.

Appeal of Angel Ortiz.

In Re: Nominating Petition
of Yvonne Cabera.

Appeal of Jesus Pagan.

In Re: Nominating Petition
of Wanda Lopez.

Appeal of Nancy Rivera.

In Re: Nominating Petition
of Joandelis Marquez.

Appeal of Nilda Soto.

In Re: Nominating Petition of
Haniel Miguel DeJesus.

Appeal of Priscilla Lozada.

In Re: Nominating Petition
of Vilma Delvalle.

Appeal of Lenore Weinberger.

In Re: Nominating Petition
of Jimmy Rivera.

Appeal of Frankie Ortiz.

In Re: Nominating Petition
of Marisela Ramierez.

Appeal of Cindy Arroyo.

In Re: Nominating Petition
of Melissa Garcia.

Appeal of Waleske Berner.

In Re: Nominating Petition
of Jennifer Florentino.

Appeal of Aida Robit.

In Re: Nominating Petition
of Carmelo Parilla.

Appeal of Juan Rivera.

In Re: Nominating Petition
of Darryl Wallace.

Appeal of Debbie Toro.

In Re: Nominating Petition
of Maribel DeJesus.

Appeal of Carlos Padro.

In Re: Nominating Petition
of Jahari Marquez.

Appeal of Maria Soto.

In Re: Nominating Petition
of Ramon Rivera.

Appeal of Emilio Montes De Oca.

In Re: Nominating Petition
of Marilyn Rivera.

Appeal of Crystal Rivera.

In Re: Nominating Petition
of Luz Maria DeJesus.

Appeal of Carmen Alicea.

In Re: Nominating Petition
of Inez Perez.

Appeal of Angel Rodgquez.

In Re: Nominating Petition
of Felipe Pagan.

Appeal of Lori Contreres.

In Re: Nominating Petition
of Irma Iris Martinez.

Appeal of Elba Rosario.

In Re: Nominating Petition
of Jose A. Viruet.

Appeal of Angel Rivera.

In Re: Nominating Petition
of Nereida Mendez.

Appeal of Angel Rivera.

In Re: Nominating Petition
of Carmen Sosa.

Appeal of Elba Rosario.

Commonwealth Court of Pennsylvania.

Argued April 16, 2009.

Decided April 16, 2009.

Publication Ordered April 21, 2009.

Robert B. Eyre, Media, for appellants.

Lawrence J. Roberts, Elkins Park, for appellees.

OPINION BY Judge BUTLER.

Israel Alfaro, Joanna Lopez, Milsa Rodriguez, Elise Eseranza–Perez, Linda Soto, Rosa Guzman, Angel Ortiz, Jesus Pagan, Nancy Rivera, Nilda Soto, Priscilla Lozada, Lenore Weinberger, Frankie Ortiz, Cindy Arroyo, Waleske Berner, Aida Robit, Juan Rivera, Debbie Torro, Carlos Padro, Maria Soto, Emilio Montes de Oca, Crystal Rivera, Carmen Alicea, Angel Rodgquez, Lori Contreres, Elba Rosario,[1] Angel Rivera and Angel Rivera[2] (collectively Objectors) appeal the March 23, 2009 order of the Court of Common Pleas of Philadelphia County (trial court) accepting the nomination petitions of Angel Gerena, Eduardo Mercado, Miguel Angel Dejesus, Maria Feliciano, Zenaida Cosme, Maria Santiago, Juana Martinez, Yvonne Cabera, Wanda Lopez, Joandelis Marquez, Haniel Miguel Dejesus, Vilma Delvalle, Jimmy Rivera, Marisela Ramierez, Melissa Garcia, Jennifer Florentino, Carmelo Parilla, Darryl Wallace, Maribel Dejesus, Jahari Marquez, Ramon Rivera, Marilyn Rivera, Luz Maria Dejesus, Inez Perez, Felipe Pagan, Irma Iris Martinez, Jose A. Viruet, Nereida Mendez, and Carmen Sosa (collectively Nominees) for various Democratic office positions within the 7th ward of Philadelphia County. The only issue before the Court is whether the trial court erred or abused its discretion in accepting the Nominees' petitions for various Democratic office positions within the 7th ward where the Objectors failed to serve their objections on the County Board of Elections within seven days after the last day for filing nomination petitions pursuant to Section 977 of the Election Code.[3] For

1. Elba Rosario has filed two notices of appeal for two separate nominating petitions.

2. This objector has the same name but different address as the previous objector.

3. Act of June 3, 1937, P.L. 1333, *as amended,*

reasons that follow, we affirm the orders of the trial court.

 On March 10, 2009, the Nominees filed their respective nomination petitions with the Philadelphia County Board of Elections. On March 17, 2009, Objectors filed their respective motions to set aside the nomination petitions (objections) with the Prothonotary of the Court of Common Pleas. On March 23, 2009, the trial court held a Hearing to Show Cause why the objections raised by the Objectors should not be granted. The trial court issued its orders that same date accepting the Nominees' petitions based on the fact that the objections were not served on the County Board of Elections pursuant to Section 977 of the Election Code. Objectors individually appealed to this Court.[4] On April 7, 2009, this Court consolidated the individual appeals for briefing and argument purposes.

 Objectors argue that the Board of Elections waived the issue of defective service of the objections because William Rubin, the Board's Acting Supervisor, appeared at the Rule to Show Cause hearing and did not object to service, thus he consented to the jurisdiction of the trial court. We disagree.

Section 977 of the Election Code provides in pertinent part:

All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that the

said petition or paper be set aside. A copy of said petition **shall, within said period, be served on the officer or board with whom said nomination petition or paper was filed.**

(Emphasis added). In the instant case, the board with whom said nomination petitions were filed was the Philadelphia County Board of Elections (Board). The Pennsylvania Supreme Court held in no uncertain terms that said service is mandatory. Specifically, the Court in *Petition of Acosta*, 525 Pa. 135, 578 A.2d 407 (1990) held:

The requirement that the official with whom the nomination petition was filed receive timely notice that a petition to set aside has been filed is not just excess statutory verbiage. Service of a petition to set aside a nomination petition upon the officer or board with whom a nomination petition has been filed within the time limit prescribed by section 977 of the Election Code is *mandatory.*

*Id.* at 139, 578 A.2d at 409. This Court recently addressed the proposition that by appearing at a hearing one might waive the issue of defective service in *In re Barr*, 956 A.2d 1083 (Pa.Cmwlth.2008), *aff'd*, 598 Pa. 558, 958 A.2d 1045 (2008). There, this Court held that it did not have jurisdiction over the Libertarian Party because the Libertarian Party was not served, even though its counsel appeared at the hearing.

Further, the fact that the Board appeared cannot cure defective service when service is a mandatory requirement. Accordingly, as the Nominees' petitions were filed within the periods specified in the Election Code and Objectors failed to

---

25 P.S. § 2937.

4. This Court's review of the trial court's orders is limited to determining whether the trial court committed an error of law or

abused its discretion and whether the trial court's findings of fact are supported by substantial evidence. *In re DiGirolamo*, 873 A.2d 52 (Pa.Cmwlth.2005).

serve the Board with their objections pursuant to Section 977 of the Election Code, the nomination petitions are deemed valid. Thus, the trial court did not err or abuse its discretion in accepting the Nominees' petitions.

 The Objectors further argue that the trial court erred in accepting the Nominees' petitions because the Nominees did not have standing to raise the issue of defective service. Specifically, Objectors claim that only the Board can raise the issue of whether they were properly served.

> The purpose of the requirement of standing is to protect against improper plaintiffs. To meet the standing requirement, a plaintiff must allege and prove an interest in the outcome of the suit which surpasses the common interest of all citizens in procuring obedience to the law. To surpass the common interest, the plaintiff's interest must be substantial, direct and immediate.
>
> The requirement of a 'substantial' interest simply means that there must be some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law. The requirement that an interest be 'direct' simply means that the person claiming to be aggrieved must show causation of the harm to his interest by the matter of which he complains. The requirement of an 'immediate' interest means that there must be a sufficiently close causal connection between the challenged action and the asserted injury.

*Sch. Sec. Servs., Inc. v. Duquesne City Sch. Dist.*, 851 A.2d 1007, 1012 (Pa. Cmwlth.2004) (citations omitted). Here, there can be no question that the Nominees have a substantial interest in the issue of the defective service of the objections because the objections have a discernible adverse effect on the Nominees. Moreover, the Nominees have a direct interest in the issue of the defective service because the objections could cause the Nominees to be removed from the ballots. Finally, the Nominees have an immediate interest in the issue of the defective service because, inasmuch as the defective service and the objections are inextricably linked, there is a sufficiently close causal connection between the challenged action and the asserted injury.

The Pennsylvania Supreme Court accords standing to nominees to assert the issue of defective service as evidenced in *Acosta; In re Lee*, 525 Pa. 155, 578 A.2d 1277 (1990); and *In re Evans*, 534 Pa. 279, 632 A.2d 862 (1993), wherein the issue of defective service upon the Secretary of the Commonwealth (Secretary) was raised by the nominees, not the Secretary. The Court in all three cases dismissed the objections to the nomination petitions on the basis of defective service. Clearly, the Nominees had standing to raise the issue of defective service in the instant case, thus the trial court did not err or abuse its discretion in so finding.

 Lastly, Objectors argue the trial court should have examined the nomination petitions for facial defects that mandated rejection by the Board. As explained above, the objections were properly dismissed on the basis of defective service. Once it had been determined that service was defective, the petitions were no longer before the trial court for examination.

This Court notes that Objectors have attached a petition for nunc pro tunc acceptance of original petitions to set aside nomination petitions to their brief to circumvent the trial court's orders. Objectors have filed this petition with the lower court which, as of this date, has not ad-

92

dressed it. Thus, it is not before this Court at this time.

For all of the above reasons, the orders of the trial court are affirmed.

*ORDER*

AND NOW, this 16th day of April, 2009, the March 23, 2009 orders of the Philadelphia Court of Common Pleas accepting the Nominating Petitions of the above captioned nominees are hereby affirmed.